Dear Marshal Jeane:
This office is in receipt of an opinion request from former city Court Judge Henry Lemoine in which he presented several inquiries concerning the Office of the city Marshal. Specifically he asked us to clarify the following issues:
 1. At what amount does the law require the Marshal's salary to be set and what sources of revenue may be used to supplement his salary?
In response to this inquiry, we first look to LSA-R.S. 13:1883, which provides in pertinent part,
 "C. Except as provided in R.S. 13:2071, in all other cases the marshal's salary shall be paid by the governing body of the city and parish where the court is located, in such amounts as they may determine, except that where the population of the territorial jurisdiction of the court is more than 10,000 inhabitants, the marshal shall receive a minimum annual salary of $3,600 payable monthly in equal proportions by the governing authorities of the city and parish on the warrant of the marshal. (Emphasis added)
 D. The marshals of the city courts enumerated in Sub-sections A, B, and C of this section, except the marshals of the city courts of Lafayette and Shreveport, shall also receive the same fees as are payable to constables of justice of the of the peace courts."
In conferring with your office, we were advised that the territorial jurisdiction of the Pineville city Court extends beyond the city limits. The city of Pineville itself has more than 10,000 inhabitants, so the territorial jurisdiction of the court clearly includes more than 10,000 inhabitants. The marshal is therefore entitled to an annual salary of at least $3,600, to be paid out as provided in the aforementioned statute. Section D provides that the marshal shall also receive the same fees payable to constables of justice of the peace courts. LSA-R.S.33:1704 contains a list of fees, a copy of which will be sent to you. It provides,
 "A. Constables and marshals, except in Orleans Parish and as provided by R.S. 33:1704.1, shall be entitled to the following fees of office, and no more, in civil matters: (a list is provided)
 B. The fees specified in Subsection A of this Section which are less than ten dollars shall not apply to the marshal of the Pineville City Court, who shall be entitled to a minimum fee of office of ten dollars for each service rendered in civil matters."
The Pineville City Marshal is entitled to these fees of a minimum of ten dollars for each service he renders. Other than the aforementioned statutes, the law does not provide any other salary or compensation for the marshal. As to a supplement of the marshal's salary, LSA-R.S. 33:2218.2 provides for extra compensation for law enforcement officials. The pertinent portions provide,
 "A. In addition to the compensation now paid by any municipality included in this Subpart . . ., to any police officer, every police officer employed by any municipality or tribe which employs one or more police officers who devotes his full working time to law enforcement, and for those hired after March 31, 1986 who have completed and passed a council certified training program as provided in R.S. 40:2405, shall be paid by the state extra compensation in the amount of two hundred seventy-eight dollars per month for each full-time municipal or tribal law enforcement officer who has completed or who hereafter completes one year of service.
 C. For purposes of this Subpart, a municipal or tribal police officer entitled to additional pay out of state funds shall mean and refer to: . . .
 (6) Any municipal or tribal marshal or constable or deputy marshal or constable who serves as a chief of police or who is employed on a full-time basis by a municipality or tribe and whose major source of income from public employment is derived from and paid by a municipality or tribe, including the constable and deputy constables of the First City Court of the city of New Orleans.
 D. For purposes of this Subpart the following classes of persons, whether or not duly commissioned as police officers or having the power to make arrests, shall not be deemed to be a municipal or tribal police officer entitled to additional pay out of state funds:
 (3) Personnel employed as law enforcement officers on less than a full-time basis or on an hourly basis."
In order for the marshal or deputy marshal to qualify for this type of supplemental pay, they must be employed on a full time basis, and derive the majority of their income from public employment. Whether or not your marshal would qualify for this type of state supplemental pay is not clear from the information you provided for us in your opinion request. The law prohibits a marshal from supplementing his own salary. LSA-R.S. 13:1881, Sec. B provides in pertinent part, "However, nothing herein shall authorize the city marshal to fix or supplement his own salary. In no event shall the salary of any deputy exceed that of his city marshal."
 2. What salary is the deputy marshal authorized to receive?
The issue of the salary of a deputy marshal is addressed in LSA-R.S. 13:1881, which provides,
 "B. The marshal may appoint one or more deputy marshals having the same powers and authority as the marshal, but the marshal shall be responsible for their actions. The compensation of the deputy marshals shall be fixed and paid by the governing authorities of the city or parish, or both, where the court is located. The city marshal may use funds available for expenses of his office, including proceeds from costs assessed in criminal matters pursuant to R.S. 13:1899, to pay an amount in excess of the fixed salary or to pay the amount fixed or any portion thereof to deputy marshals or to employ additional deputies. However, nothing herein shall authorize the city marshal to fix or supplement his own salary. In no event shall the salary of any deputy exceed that of his city marshal." (emphasis added)
The statute authorizes the Pineville City Council, the Rapides Parish Police Jury or both to fix the salary of the deputy marshal. It also allows the marshal to supplement the deputy marshal's salary, or to hire additional deputies, with the funds available to him for his office, including costs assessed in criminal matters pursuant to LSA-R.S. 13:1899. Section 1899 provides in pertinent part:
 "C. In all criminal matters, the city judge shall assess, in addition to the foregoing costs, the sum of ten dollars as additional costs of court, the proceeds from which shall be deposited in a special account, separate and distinct from the account provided for in Subsection B of this Section, which account shall be in the name of and under control of the marshal or constable of the court, shall be subject to audit, and shall be used to defray operational expenses of the office of marshal or constable of the court, all as may be useful and necessary for proper conduct of the marshal's or constable's office, for maintenance and improvement of jail facilities, or for purchase of law enforcement equipment, and all as may be proved by the marshal or constable."
Therefore the marshal may use the funds available from the ten dollar court fee to supplement the salary of his deputy marshal and alternatively to hire additional deputy marshals. Please note that in no case may the salary of the deputy marshal be higher than that of the marshal.
 3. Does the law provide funds to be used for a vehicle and its related expenses for the City Marshal's Office, and for general office supplies and maintenance of office equipment? What is considered a reasonable and necessary operating expense?
The issue of what a city or municipality must provide for the office of the marshal is addressed in LSA-R.S. 13:1899. The statute provides,
 "A. The city where the court is situated shall furnish a suitable city court room and suitable offices for the judge, clerk, and marshal. It shall also furnish adequate fireproof vaults or other filing equipment for the preservation of the records of the court.
 B. The expenses of operation and maintenance of the court room and offices shall be borne by the city, or may be apportioned between the city and parish as the respective governing authorities may determine."
The above statute requires the city or parish to bear the expenses of the office of the marshal and for the maintenance of the office. General office supplies and maintenance of office equipment should both be included within the definition, as the statute requires the city or parish to pay the expenses incurred in maintaining the office of the marshal. This statute does not require that the marshal's office be provided with a car paid for by the city or parish.
As previously quoted above in LSA-R.S. 13:1899, the marshal may use the court fee from criminal cases to purchase `law enforcement equipment' and to defray operational expenses. If a vehicle is necessary for the marshal's office to adequately perform its duties, it could be purchased with these funds, should they be available. Be advised that funds collected under § 1899 are subject to audit.
The terms reasonable and necessary operating expenses are not specifically defined by statute. Thus, they are to be considered in light of the common usage of these terms. R.S. 13:1899 (C), which refers to "useful and necessary" expenses, states in part: "The city judges of any and all parishes . . . shall be authorized to assess such sum in accordance with this Section." Other than this limitation, the marshal should determine what expenses he needs for the efficient operation of his office. These expenses are subject to review by the auditor for the State of Louisiana.
We hope the foregoing information sufficiently addresses your concerns. If you need additional information or if our office may be of assistance to you, please contact us at your convenience.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ J. RICHARD WILLIAMS
Assistant Attorney General
RPI:JRW:gbe